## Didvalis' License

*Cyril C. Kilker*, for appellant.

*Marshall R. Anspach*, for Liquor Control Board.

CURRAN, J., June 19, 1939.—Peter Didvalis operates a restaurant at 14 North Second Street, in the Borough of Girardville. On December 28, 1938, he filed with the Pennsylvania Liquor Control Board an application for a restaurant liquor license. The application was refused for the following reasons:

"1. The premises for which a license is desired are located within three hundred feet of a school and we have received a protest against the issuance of a license for this address."

It appears from the facts in the case that the restaurant of the applicant is located within 300 feet of the Girard

School, a public school building, in the Borough of Girardville.

The action of the board was taken because of a letter received by the Pennsylvania Liquor Control Board from the Secretary of the School Board of Girardville, indicating the objection of the Girardville Board of Education to the issuance of the license. At the time of hearing, one of the members of the Girardville School Board was called as a witness for the applicant. His testimony indicated that no official action was taken by the board, that the objection was entered by the secretary of the school district without the direction of the school board.

Subsequent to the date of the hearing, the solicitor of the school district, by communication, made part of the record, advised that "The members of the school board as individuals have no objection to the granting of this license", at the same time, however, stating that the secretary of the board of education did object to the issuance of the license by letter to the Liquor Control Board, dated January 4, 1939.

The minutes of the Girardville School Board were not offered either by the applicant or counsel for the Liquor Control Board.

It further appears from the testimony in this case that the Pennsylvania Liquor Control Board granted a restaurant liquor license upon a new application to one Zan Zaranko, whose restaurant is within 300 feet of the Girard School; that the Liquor Control Board also granted a restaurant liquor license upon a new application to one Arthur Tull, whose premises are also within 300 feet of the aforesaid Girard School.

The situation, as disclosed from the record, is apparently as follows: The Pennsylvania Liquor Control Board refused to grant a liquor license to the applicant, whose application is in proper form as to law and regulations of the board, for the reason that the secretary of the Girardville School Board indicated that the school board objected to the granting of the liquor license. Since the

minutes of the board were not made part of the record, there is some doubt as to whether this was the individual action of the secretary of the board, or the action of the board itself. This doubt is not resolved by the communication of the solicitor of the school board. Assuming that the letter of January 4, 1939, indicating an objection, was the action of the board, the record would indicate that the school board objects to the granting of the license, but the individual members of the school board do not object to the granting of the license. In addition, we have the fact that the Pennsylvania Liquor Control Board did grant at least two new restaurant liquor licenses to applicants whose premises are located within 300 feet of the Girard School.

Section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of June 16, 1937, P. L. 1762, governing the granting of liquor licenses is as follows:

"Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground".

In order to provide uniformity in the enforcement of the act, the board has by regulation adopted certain rules for measurement. The applicant's place of business is within 300 feet of the school. Where such is the case, the Liquor Control Board may, in its discretion, refuse the license; yet the Pennsylvania Liquor Control Board granted two liquor licenses in the very same area where this applicant's premises are located. If liquor licenses are to be refused to any applicant because his restaurant is within 300 feet of the Girard School, in the Borough of Girardville, they should uniformly be refused all applicants whose places of business are within 300 feet of that school. Conversely, if any licenses are to be granted within the area indicated, every application which com-

plies with the law and regulations of the board in every other respect should be granted. Any other construction of the law is arbitrary, unjust, and inequitable.

We are of the opinion that the refusal of the application of appellant was an abuse of discretion on the part of the Pennsylvania Liquor Control Board, and we are of the opinion that the license should be granted.

And now, to wit, June 19, 1939, the action of the Liquor Control Board is reversed and the board is directed to issue a license to the applicant.